GAUDIN, Judge.
This is an appeal by Maurice R. Van Norman from a district court judgment awarding $5,587.80 plus attorney fees of $1,650.00 and court costs to All American Roofing and Siding Company, Inc., which had repaired roofs at Van Norman’s home and office building.
Van Norman didn’t pay, he said, because the roofing company’s repair jobs were neither done timely nor in a workmanlike manner.
Following trial, the Solomon-like district judge found that the withholding of payment had been arbitrary but he also found, from a close reading of the oral reasons for judgment, that some repair work was due and owing by All American.
In any event, judgment was rendered in All American’s favor and against Van Norman for $5,587.80 and $1,650.00. The judgment then went on to state:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the two written contracts, dated December 7, 1988 and December 14,1988, and the oral contract on January 5, 1989 between the Defendant MAURICE R. VAN NORMAN and the Plaintiff ALL AMERICAN ROOFING AND SIDING COMPANY, INC. remain in full force and effect.”
This was, apparently, the trial judge’s way of saying that some repairs had to be done by the roofer. We do not know what if any repair work was done by All American since March 20, 1990, the date of the judgment; and, of course, we have no idea what the value of any repair work might be.
One of the main reasons Van Norman was cast in .judgment was because, by his own admission, he never contacted the roofing company and made any complaints about leaking or any other defects. He testified, however, that he was never satisfied with All American’s work and that the roof did in fact leak within two months after being installed. Also, he said that he expected the work to be completed much faster than it was.
Despite these complaints, Van Norman did not file a reconventional demand against the roofing company; and, during and following the trial, he did not ask that his pleadings be amended to correspond with his testimony and that of his witnesses.
We cannot say that the trial judge was manifestly wrong. There is credible evi *847 dence supporting the awards, particularly the testimony of Louis Moran and Richard McNamara, which no doubt the trial judge favorably accepted. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
Regarding the part of the judgment saying that the repair contracts . remain in full force and effect,” this does leave the dispute open and perhaps the seeds have been planted for further litigation. The trial judge, however, said clearly:
“They (All American) have to make the repairs. If they can’t make them themselves, then maybe some payment will be required.”
The trial judge left the controversy in this perhaps unsettled state and so will we.
We affirm the district court judgment with Van Norman to bear costs of this appeal.
AFFIRMED.